30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy D. DONALD, Plaintiff-Appellant,
v.
Lawrence MENDEL, Doctor, Defendant-Appellee.
 No. 94-3146.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Roy D. Donald, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Donald sued Mendel, the Medical Director of the Ohio Department of Rehabilitation and Corrections (ODRC), alleging that he violated Donald's Eighth Amendment right to be free from cruel and unusual punishment. Donald did not state the capacity in which he was suing the defendant. In several amended complaints, Donald named other ODRC officials as defendants, but because these defendants were never properly served with the summons and complaint, the district court dismissed all defendants except Mendel from Donald's lawsuit pursuant to Fed.R.Civ.P. 4(j).
 
 
 4
 Donald is a below-the-knee amputee who wears a two-piece prosthetic device on one leg. Donald alleged that he is repeatedly forced to walk long distances, wait in long lines for meals, walk up steps, and shower standing on one foot which is dangerous because the showers do not have seats or handrails. He requested that he be transferred to a facility equipped to accommodate handicapped prisoners, and that an orthopedic doctor should be on-call at the prison to make needed repairs to his prosthetic device.
 
 
 5
 Initially, the district court granted summary judgment to the defendant on all of Donald's claims except his claim regarding the prison shower facilities. After the parties filed supplemental briefs with regard to Donald's inadequate shower claim, the district court granted summary judgment to defendant Mendel and dismissed Donald's Sec. 1983 action.
 
 
 6
 In his timely appeal, Donald continues to argue the merits of his Eighth Amendment claim, primarily advancing the inadequate shower issue and generally the conditions of his confinement. In his brief on appeal, Donald does not raise or address the issue of the district court's dismissal of all defendants except Mendel from his lawsuit. He requests oral argument and has filed a motion for the appointment of counsel.
 
 
 7
 Initially, we note that Donald did not raise the issue of the district court's dismissal of all defendants except Mendel from his lawsuit. Because Donald did not raise this issue on appeal, it is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 We also note that Donald did not state the capacity in which he was suing defendant Mendel. Consequently, Mendel is considered as sued in his official capacity, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and he is therefore not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 9
 Upon de novo review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Donald has not shown that Mendel was deliberately indifferent to Donald's needs as a handicapped prisoner regarding the conditions of his confinement. Wilson v. Seiter, 501 U.S. 294, ----, 111 S.Ct. 2321, 2326-27 (1991).
 
 
 10
 Accordingly, we deny Donald's request for oral argument and his motion to appoint counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation